Filed 11/28/23  P. v. Tveretinov CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL TVERETINOV,<br><br>    Defendant and Appellant. | C098111<br><br>(Placer Super. Ct. No. 62-182679; El Dorado Super. Ct. No. P21CRF0477) |

Appointed counsel for defendant Michael Tveretinov filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

This case is a consolidated matter for two prosecutions:  one in Placer County, and one in El Dorado County.

1

*A. El Dorado County*

Defendant and another man were observed in a pickup truck in the parking lot of a storage facility. They stopped at a landscape trailer and took something out of it. The pair hooked up the truck to a tiny home and drove it away. Next, defendant got into another pickup truck parked on the lot and drove it away. That truck was later reported stolen by its owner. Defendant fled from officers when they attempted to stop him in the truck.

The complaint charged defendant with two counts of unlawful driving and taking of a vehicle (Veh. Code, § 10851, subd. (a)), three counts of receiving a stolen vehicle (Pen. Code, § 496d), fleeing a pursuing police vehicle (Veh. Code, § 2800.2), receiving stolen property (Pen. Code, § 496, subd. (a)), and hit and run resulting in property damage (Veh. Code, § 20002, subd. (a)). The complaint alleged defendant had a prior conviction in 2011 that qualified as a strike under Penal Code sections 667, subdivisions (b) through (i) and 1170.12.

Defendant pleaded no contest to one count of unlawful driving and taking of a vehicle and fleeing a police vehicle. (Veh. Code, §§ 10851, subd. (a), 2800.2.) He also admitted the prior strike.

At the restitution hearing, the owner of the pickup testified he received his truck back, but it was damaged. The owner of the tiny home testified she never saw it again and it was worth $70,000.

The El Dorado County trial court sentenced defendant to the stipulated sentence of four years eight months, which was the lower term of 16 months for fleeing a police vehicle doubled to 32 months, plus one-third the midterm of eight months doubled to 16 months for taking and driving a vehicle, plus eight months on a prior unrelated case from Sacramento County. The court imposed a $300 restitution fine (Pen. Code, § 1202.4), an equal parole revocation fine (Pen. Code, § 1202.45), $7,595.25 in restitution to the owner of the truck and $70,000 to the owner of the tiny home (Pen. Code, § 1202.4, subd. (f)), a

court operations fee of $40 (Pen. Code, § 1465.8), and a conviction assessment fee of $30 (Gov. Code, § 70373).

### B. Placer County

A store clerk noticed defendant acting strangely inside the store. Defendant had loaded up a cart full of merchandise in the garden section and was pacing back and forth between the emergency exists.

A Roseville police officer responded to a call of a theft in progress at the store. When he arrived, he parked his patrol car in front of defendant's car. Through the window of the car, the officer saw a clear zip lock bag on the floorboard containing what he believed was methamphetamine.

The officer approached defendant in the store. After he confirmed defendant was driving the car in which the officer spotted the methamphetamine, the officer attempted to place defendant in handcuffs. The altercation became physical and the officer deployed his Taser to detain defendant.

In the subsequent search of defendant and his car, the officers found identification cards belonging to other people, a gun, ammunition, methamphetamine, heroin, drug paraphernalia, and suspected stolen checkbooks.

The complaint in this case charged defendant with being a felon in possession of a firearm and ammunition (Pen. Code, §§ 29800, subd. (a)(1), 30305, subd. (a)(1)), resisting an executive officer (Pen. Code, § 69, subd. (a)), possession of controlled substances and paraphernalia (Health and Saf. Code, §§ 11350, subd. (a), 11377, subd. (a), 11364, subd. (a)), shoplifting (Pen. Code, § 459.5, subd. (a)), and possession of personal identifying information with the intent to defraud (Pen. Code, § 530.5, subd. (c)(1)). The complaint alleged defendant had two prior convictions that qualified as strikes under Penal Code sections 667, subdivisions (b) through (i) and 1170.12.

At the preliminary hearing, defendant moved to suppress the evidence discovered in his car under Penal Code section 1538.5, arguing the officer lacked reasonable suspicion to detain him. The trial court denied that motion.

Without renewing his suppression motion before the trial court, defendant pleaded no contest to being a felon in possession and resisting an executive officer. (Pen. Code, §§ 29800, subd. (a)(1), 69.) He also admitted a strike prior and factors in aggravation.

The Placer County trial court sentenced defendant to the stipulated sentence of 10 years 8 months calculated as follows: the upper term of three years doubled to six for being a felon in possession of a firearm; plus one-third the midterm doubled or 16 months for resisting an executive officer; plus 16 months each for the two convictions in El Dorado County; plus eight months for the Sacramento County case.

The Placer County trial court imposed a $300 restitution fine (Pen. Code, § 1202.4), an equal parole revocation fine (Pen. Code, § 1202.45), a court operations fee of $80 (Pen. Code, § 1465.8), and a conviction assessment fee of $60 (Gov. Code, § 70373).

We consolidated the appeals and deemed the notices timely filed in both matters under the constructive filing doctrine.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

4

DISPOSITION

The judgment is affirmed.


                                                      /s/
                                          EARL, P. J.


We concur:


    /s/
ROBIE, J.


    /s/
BOULWARE EURIE, J.